United States District Court
for the
Southern District of Florida

| | |
|---|---|
| James Bell, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 20-20307-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | |

### Order Referring Habeas Petition to Magistrate

Now before the Court is the Petitioner James Bell's Petition under 28 U.S.C. § 2255. For the reasons set forth below, the Court **refers** the petition (**ECF No. 1**) to Magistrate Judge Edwin G. Torres for an evidentiary hearing and a Report and Recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

**1. Background**

Bell was charged with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) after he was arrested in connection with a shooting in a Miami Gardens convenience store. (ECF No. 2 at 2-3.) After the Government had presented a number of witnesses at trial, the Court asked Bell whether a plea offer had been conveyed to him. (*Id.* at 6.) After a fairly lengthy conversation, the Court determined that the plea had been conveyed. (*See* ECF No. 2 at 4-6.)

During this conversation, the Defendant and his lawyer appeared to disagree on exactly how the plea was conveyed. The Defendant stated, "it was communicated to me that if I were to plead to 15 years, that they would give me life by me pleading to 15 years." (ECF No. 2 at 4.) In contrast, his attorney said he told his client that "we could agree to the plea, but if the Court decided not to accept that plea, and what he's facing, as an armed career criminal and his criminal history, he's facing up to life." (*Id.*) The Court then recessed for lunch, and after the break, Bell entered a plea of guilty. (ECF No. 6 at 6.)

In his supplemental letter to the Court, Bell says that his lawyer "did say to [him] the Government offered 15 years and [he] said [he] will take it but his response was they would give you life." (ECF No. 16 at 5.) Further, he explains that his lawyer "says that he told me that I can get up to life, [but] I said [his lawyer] told me if I accept the Government's offer the Court will give me life." (*Id.*)

### 2. Legal Standard

An evidentiary hearing is required on a § 2255 petition unless the files and records of the case conclusively show that he is not entitled to relief. 28 U.S.C. § 2255(b). "If petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989). "But a district court need not hold an evidentiary hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Hernandez v. United States*, 778 F.3d 1230, 1232 (11th Cir. 2015) (internal quotations omitted).

### 3. Analysis

The Petitioner James Bell argues that had he received effective plea advice he would have pled guilty long before trial and that, with an earlier guilty plea, there is a reasonable probability Bell would have been sentenced to less time. (ECF No. 2 at 1.) The Government responded that Bell's attorney stated on the record that, when relaying the plea, he told Bell that there is no guarantee the Court would accept the 15-year plea and he could be sentenced up to life. (ECF No. 6 at 8.) The Government's response argues that Bell's argument is illogical, and there is no reason for Bell's lawyer to have relayed the plea in the way Bell describes. (*Id.* at 10-11.)

Although the Court agrees that Bell's version of events is improbable, the Court cannot discount Bell's factual allegations, which are corroborated by his prior statement on the record, without an evidentiary hearing. In a § 2255 petition alleging the ineffective assistance of counsel, the Court cannot "credit counsel in a case of conflict," which would allow "that in any case where the issue comes down to the bare-bones testimony of the defendant against the contradictory testimony of counsel, defendant is going to lose every time." *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999).

### 4. Conclusion

In sum, the Court **refers** the petition (**ECF No. 1**) to Magistrate Judge Edwin G. Torres for an evidentiary hearing and a Report and Recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

**Done and ordered** at Miami, Florida on June 4, 2020.

_____
Robert N. Scola, Jr.
United States District Judge