United States District Court
for the
Southern District of Florida

| | |
|---|---|
| James Bell, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 20-20307-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

### Order Adopting Magistrate Judge's Report and Recommendation

This case was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on Petitioner James Bell's motion to vacate his guilty plea and sentence and supporting memorandum (ECF Nos. 1, 2) pursuant to 28 U.S.C. § 2255. (Order, ECF No. 21.) Judge Torres held an evidentiary hearing on the motion on August 16, 2023 (ECF No. 35) and has issued a report and recommendation, recommending that Bell's motion to vacate be denied. (R. & R., ECF No. 38.) Bell has timely filed his objections to the report (Pet.'s Objs., ECF No. 44) and the Government has responded (Gov't Resp., ECF No. 45). The Court has considered Judge Torres's report, Bell's objections, and the Government's response thereto, the record, and the relevant legal authorities. The Court finds Judge Torres's report and recommendation cogent and compelling.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784. "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

In his motion to vacate, Bell claims he was denied effective assistance of counsel in violation of the Sixth Amendment because "(1) his counsel provided deficient plea advice, (2) his counsel failed to object to an enhanced base offense level under U.S.S.G. § 2A2.1(a) on the grounds that the Government could not prove that the shooting was premeditated, (3) he is actually innocent of the Armed Career Criminal Act enhancement, and (4) his counsel failed to object to the probation officer's misstatement regarding the applicable criminal history category." (R. & R., ECF No. 38 at 5.)

Judge Torres recommends that Bell's petition should be denied, and Bell timely filed a document purporting to set forth objections. (ECF No. 44.) Although his filing spans 30 pages, the only "objections" Bell actually presents are not persuasive. The remainder of his submission is comprised solely of a difficult to parse re-hashing of his basic arguments for vacatur and often addresses issues that are not relevant to his petition. The submission does not satisfy the specificity requirement for presenting objections: Bell's filing and vaguely asserted objections do not even come close to specifically identifying the portions of the proposed findings and recommendation to which he objects or the specific bases, supported by legal authority, for his objections.

The Court agrees with all of Judge Torres's findings and concludes that none of Bell's claims succeeds under the *Strickland* test for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judge Torres concluded after an evidentiary hearing that Bell's counsel fully explained the implications of the plea deal to Bell and, based on contemporaneous evidence, that Bell understood those implications. Judge Torres found credible the testimony of both attorneys and reviewed transcripts and documentary evidence of communications with Bell from that time in reaching this finding. Next, Judge Torres found that Bell's counsel did not err by failing to object to the application of U.S.S.G. § 2A2.1(a) because the Government had a video of the shooting providing strong evidence of premeditation. Additionally, as Judge Torres notes, Bell's attorneys *did* object to the application of the enhancement at the time, albeit on a different basis. Finally, Judge Torres rejected Bell's third and fourth claims because Bell and his former habeas counsel have acknowledged that they are not viable bases for relief under current law. Even if Bell's prior counsel had not conceded that Bell's argument regarding the probation officer's misstatement was meritless, the misstatement did not affect the judge's understanding of the applicable guideline range. The Court finds Judge Torres's report and recommendation well-reasoned and thorough. Further, the Court has carefully reviewed Bell's objections, such as they are, and concludes they are without merit.

      The Court **affirms and adopts** Judge Torres's report and recommendation (**ECF No. 38**), **denying** Bell's motion to vacate under 28 U.S.C. § 2255 (**ECF No. 1**). Although not addressed in the report and recommendation, the Court further **declines to issue** a **certificate of appealability** with respect to any of Bell's claims. A certificate of appealability is only available when the Petitioner makes "a substantial showing of the denial of a constitutional right," which Bell has not. 28 U.S.C. § 2253(c)(2). The Court cannot conclude that "reasonable jurists would find [the Court's] assessment of the constitutional claims debatable or wrong," and therefore will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      This case shall remain **closed**. Any pending motions are denied as moot.

      **Done and ordered** at Miami, Florida on December 15, 2023.

                                                      Robert N. Scola, Jr.
                                                      United States District Judge

*Copies to:*
James Bell (14049-104)
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101